IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antwan Hopkins, | ) | C/A No. 3:21-47-JMC-PJG |
|                  Plaintiff, | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| 10 Unknown Agents *et al*; Craig Janokowski, *F.B.I. Agent*; Other Unknown Agents, | ) | |
|                  Defendants. | ) | |

Plaintiff Antwan Hopkins, a self-represented federal pretrial detainee, brings this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review of the Complaint pursuant to 28 U.S.C. § 1915A. Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.     Factual and Procedural Background**

Plaintiff is an inmate at the Lexington County Detention Center. Plaintiff indicates that while babysitting at his brother's house on June 18, 2020, he was arrested by Defendant Craig Janokowski and other FBI agents for a probation violation. Plaintiff claims the agents charged him with possession of a firearm and possession of marijuana because a gun and marijuana were found at the house. Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for violations of his Fourth and Fourteenth Amendment rights. Plaintiff argues he is being held unlawfully because the gun and marijuana belong to his brother and he had no knowledge of their existence. Plaintiff seeks dismissal of his

charges, to be compensated for the legal fees associated with the charges, and to have the officers who arrested him criminally charged.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Plaintiff's Complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted.  Initially, the court notes that the primary relief sought by Plaintiff—to have his charges dismissed—is not available in an action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Rather, challenges to the lawfulness of an inmate's confinement generally must be sought in a petition for a writ of habeas corpus.  See generally Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973).  However, where a federal inmate has charges pending, he must seek relief from those charges in his federal criminal proceeding, rather than through a petition for a writ of habeas corpus or Bivens action.  See Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995) (stating a federal civil rights action, whether under Bivens or a petition for a writ of habeas corpus, is not the appropriate vehicle to seek dismissal of pending federal criminal charges).

To the extent Plaintiff seeks damages against the defendants in their personal capacities pursuant to Bivens, Plaintiff still fails to state a claim upon which relief may be granted.  In Bivens, the United States Supreme Court established a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities.  Though the United States Supreme Court has more recently limited the scope and availability of Bivens, see Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017), Bivens itself provides a remedy for persons injured by federal officers who violate the prohibition against unreasonable searches and seizures.  Bivens, 403 U.S. at 397.

However, Plaintiff fails to provide any facts that show how any specific defendant was personally involved in violating his rights.  See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).  None of the defendants is identified in the body of Plaintiff's Complaint to identify how they were involved in Plaintiff's arrest.  Also, Plaintiff does not provide any facts that would explain how the conduct of each specific defendant violated his constitutional rights.  See generally Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (stating that to establish an unreasonable seizure under the Fourth Amendment, the plaintiff must show he was arrested without probable cause); see also Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir. 1992) (" 'Probable cause,' for Fourth Amendment purposes, means 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' ") (quoting Michigan v. De Fillippo, 443 U.S. 31, 37 (1979)).[1]

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.  Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the

---

[1] As to his Fourteenth Amendment claim, Plaintiff' does not specify which clause of the Fourteenth Amendment was violated, and even liberally construing the pleading in light of Plaintiff's *pro se* status, no violation plainly appears in the Complaint.

deficiencies identified above.[2]  In a contemporaneously issued order, the court has provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process.  Attached to that order is a standard *pro se* prisoner complaint form, which Plaintiff may use to correct the deficiencies identified here.  If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

March 9, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).