# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Antwan Hopkins, ) | Civil Action No.: 3:21-cv-00047-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| 10 Unknown Agents et al; Craig ) | |
| Janokowski, F.B.I. Agent; Other Unknown ) | |
| Agents, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Antwan Hopkins, a pro se[1] federal pretrial detainee, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants 10 Unknown Agents et al; Craig Janokowski, F.B.I. Agent; and Other Unknown Agents (collectively "Defendants"), alleging violations of his constitutional rights as protected by the Fourth and Fourteenth Amendments to the United States Constitution. (*See* ECF No. 1.)

By Order issued March 9, 2021, the court provided Plaintiff with an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (*See* ECF No. 7.) Plaintiff was warned that failure to provide the necessary information within a specific time period would subject the case to dismissal. (*Id.* at 1.) Plaintiff did not respond to the Order and the time for response has lapsed. Plaintiff has failed to prosecute this case and has failed to comply with an Order of this court. Therefore, the case is dismissed without

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (citations omitted)).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 2, 2021
Columbia, South Carolina